UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DAVIS,

    Petitioner,

v.                                                         Case NO. 05-CV-72236

ANDREW JACKSON,

    Respondent.
                                     /

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS,
GRANTING PETITIONER'S MOTION TO DELETE UNEXHAUSTED CLAIMS,
AND REQUIRING RESPONSIVE PLEADING**

Petitioner Leon Davis, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus. Respondent filed a Motion to Dismiss the petition on the ground that it contains unexhausted claims. In response to the Motion, Petitioner filed a Motion to Delete Unexhausted Claims. The court will grant Petitioner's motion, deny Respondent's Motion, and require Respondent to file a responsive pleading addressing the merits of Petitioner's unexhausted claims.

## I. BACKGROUND

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony. He was sentenced to fifteen to twenty-five years imprisonment for the second-degree murder conviction and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims through counsel:

I. The trial court committed reversible error when it refused to suppress the identification testimony of witness Carol Typinski after it was demonstrated that the officer who conducted the photographic showup improperly showed Ms. Typinski a single photograph of the defendant, after she failed to identify him in the photo array and identified another individual in the photo array as the actual perpetrator.

II. Defendant was denied due process of law and the right to confrontation guaranteed by the United States Constitution where, over defense counsel objection, the trial court admitted witness Mark Sirriana's preliminary examination testimony into evidence at trial.

III. The trial court abused its discretion by admitting evidence of little or no probative value which unfairly prejudiced Mr. Davis' right to a fair trial.

IV. Trial counsel's failure to object to irrelevant, highly prejudicial evidence that Mr. Davis allegedly engaged in illegal prescription pill business with decedent, denied Mr. Davis his federal and state constitutional right to effective assistance of trial counsel.

Petitioner filed a *pro se* supplemental brief, presenting the following additional claims:

I. Trial counsel was ineffective in failing to use state's witness's prior inconsistent testimony for impeachment purposes.

II. Trial counsel was ineffective for failing to object to the prosecutor's reference to his alleged fingerprint on a cigarette package.

III. Trial counsel was ineffective for failing to prepare for trial and to call witnesses.

IV. Trial counsel was ineffective for advising Petitioner to take a bench trial.

V. The prosecutor presented false testimony.

VI. The evidence was insufficient to convict.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Davis*, No. 243809 (Mich. Ct. App. March 4, 2002).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

I.  The trial court refused to suppress the identification.

II. Defendant was denied due process of law and right to confrontation.

III. The trial court abused its discretion by admitting evidence of little or no probative value which unfairly prejudiced Mr. Davis's right to a fair trial.

IV. Trial counsel failure to object.

V.  Retained counsel was ineffective in failing to adequately prepare for trial and one day to prepare for trial. Retained counsel's ineffectiveness prejudiced defendant's right to a fair trial.

VI. [Defendant's] due process rights were violated by the prosecutor's failure to investigate.

Petitioner filed a supplemental brief presenting the following additional issues:

I.  Mr. Cripps was ineffective for advising defendant to waive jury trial.

II. Mr. Cripps was ineffective for failure to object to judge's erroneous findings.

III. Mr. Cripps was ineffective for failure to get an independent evaluation of either the ballistic or forensic evidence, or even expert ballistic testimony.

IV. Mr. Cripps failure to move for a continuance was ineffective assistance of counsel, after only one day to prepare for trial.

V.  Mr. Cripps was ineffective for failure to move to suppress the in court identification testimony of Carol Typinski.

Petitioner filed an amended supplemental brief, presenting the following additional claim:

It is defendant's contention that the trial court committed error when it admitted witness Mark Sirriana's preliminary examination testimony into evidence at trial. This was a violation of the defendant's 6th amendment right. And the defendant's right to confrontation. *Crawford v. Washington*, US 123 S. Ct. 1354 (2004) where the court allowed the preliminary examination testimony to be read into the record. The defendant was denied due process of law and the right to confrontation guaranteed by the United States and Michigan constitutions.

The Michigan Supreme Court denied leave to appeal. *People v. Davis*, No. 125962 (Mich. Jan. 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I.  Refused to suppress identification in-court.

II.  Defendant's right to confrontation denied defendant due process of law.

III.  Trial court abused discretion.

IV.  Ineffective assistance of counsel.

V.  Trial counsel was ineffective for not objecting to the prosecutor vouching for the credibility of witness Carol Typinski.

VI.  Trial counsel was ineffective for not moving for a continuance to prepare for trial in the present case.

VII.  Trial counsel was ineffective for not raising the due process violation regarding misinformation in computer records.

VIII.  Trial counsel was ineffective for failing to investigate.

IX.  Trial counsel was ineffective for not objecting to judge's erroneous finding of guilt.

X.  Trial counsel was ineffective for not getting ballistics test or independent evaluation of forensic evidence or finger print.

XI.  Trial counsel was ineffective for giving bad advice regarding jury waiver.

XII.   Trial counsel was ineffective for failing to interview potentially effective alibi witness of whom defendant had advised him.

XIII.  Trial counsel was ineffective in failing to impeach the state's only witness with prior inconsistent testimony.

XIV.   Trial counsel was ineffective for failing to impeach Sgt. Gerds for giving false testimony.

XV.    Trial counsel was ineffective for failing to move for a mistrial for prosecutor's improper remarks in opening statement.

XVI.   Trial counsel was ineffective where trial counsel took part in a sham trial.

XVII.  Appellate counsel was ineffective for failure to raise the issue of improper remarks by the prosecution in opening statement.

XVIII. Appellate counsel was ineffective for not filing motion for new trial in trial court.

XIX.   Appellate counsel was ineffective because he would not communicate with Defendant before filing a brief.

XX.    Appellate counsel was ineffective for not arguing issues which are dead bang winners.

## II. DISCUSSION

Respondent has filed a Motion to Dismiss the petition on the ground that the following claims are unexhausted: V, VII, IX, X, XIV, XVII, XVIII, XIX, and XX.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a

state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner has not presented the following claims to any Michigan state court: V, VII, XIV, XVII, XVIII, XIX, and XX. Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims. Petitioner presented claims IX and X in his application for leave to appeal to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1059 (1989). Thus these claims are unexhausted as well.

In response to Respondent's Motion to Dismiss, Petitioner filed a Motion to Delete Unexhausted Claims, in which he seeks to delete the unexhausted claims from his petition and proceed on the exhausted claims. The court shall grant Petitioner's motion to delete the unexhausted claims and shall require Respondent to file a responsive pleading addressing the remaining, exhausted claims.

### III.  CONCLUSION

IT IS ORDERED that Respondent's "Motion to Dismiss" [Dkt. # 6] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Delete Unexhausted Claims" [Dkt. # 8] is GRANTED.

IT IS FURTHER ORDERED that Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the remaining claims on or before April 30, 2006.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-72236.Davis.DenyMotiontoDismiss.mbcwpd.wpd