**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEON DAVIS,

        Petitioner,

v.                                          Case No.: 2:05-CV-72236

ANDREW JACKSON,

        Respondent.
_____/

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY
AND GRANTING APPLICATION TO PROCEED WITH AN APPEAL
WITHOUT PREPAYMENT OF FEES AND COSTS**

On February 26, 2007, the court issued an opinion and order denying Petitioner's application for a writ of habeas corpus. Petitioner has filed a Notice of Appeal. Thus, the court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability). Petitioner also has also filed an "Application to Proceed With an Appeal Without Prepayment of Fees and Costs." For the reasons stated below, the court will not issue a certificate of appealability and the court will grant Petitioner's "Application to Proceed With an Appeal Without Prepayment of Fees and Costs."

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must

either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal.  *Id.*

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Petitioner presented eleven claims for habeas corpus relief.  In his first claim, Petitioner argued that the trial court erred in failing to suppress the identification testimony of Carol Typinski because it resulted from a suggestive procedure.  Following a hearing, the trial court found the identification testimony admissible.  On direct appeal, the Michigan Court of Appeals held that the trial court did not commit clear error in finding that the identification was reliable despite the suggestive confrontation procedure.  *People v. Davis*, No. 243809, slip op. at 2 (Mich. Ct. App. March 4, 2002).

Considering all of the factors surrounding Typinski's identification, the multiple times Typinski had seen Petitioner prior to the crime, her testimony that she had a clear view of Petitioner on the day of the crime, and that, at the time, she recognized him, the court concluded that the state court's identification was reliable was not contrary to or an unreasonable application of Supreme Court precedent.

Second, Petitioner claimed that his right of confrontation was violated when the trial court admitted the preliminary examination testimony of Mark Sirriana. The court held that the claim was procedurally defaulted because the state court declined to review the claim on the ground that Petitioner failed to object at trial. Petitioner failed to assert cause to excuse his procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nor did Petitioner establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995).

Third, Petitioner argued that the trial court erred in permitting Sirriana to testify regarding Petitioner's involvement in drug trafficking. The court held that this claim was also procedurally defaulted. Petitioner's attorney failed to object to this testimony and the state court held the claim, therefore, was unpreserved for review. Petitioner asserted ineffective assistance of counsel as cause to excuse his default. On direct review, the Michigan Court of Appeals held that counsel was not ineffective in failing to object to Sirriana's testimony because the testimony was properly admitted. This court held that Petitioner failed to show that the state court's conclusion that the evidence was properly admitted and that, consequently, counsel was not ineffective in failing to lodge an objection was contrary to or an unreasonable application of Supreme Court precedent.

Petitioner's remaining claims were based upon allegations of ineffective assistance of counsel. The Michigan Court of Appeals denied Petitioner's ineffective assistance of counsel claims in one sentence. The court, therefore, conducted an independent review of the state court's decision. *See Joshua v. DeWitt*, 341 F.3d 430, 448 (6th Cir. 2003) (Where a state court fails to offer any explanation for a ruling denying a Petitioner's claim, a federal court on habeas review should conduct an independent review of this claim "through the lens of § 2254(d).")(internal quotation omitted).

The court held that Petitioner failed to satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), for determining whether a habeas petitioner received ineffective assistance of counsel. Petitioner failed to show that he was prejudiced by any of his attorney's actions or inactions.

With respect to the foregoing claims which this court held were procedurally defaulted, this court holds that jurists of reason would not find the conclusion that the claims were procedurally defaulted to be debatable or wrong. *See Slack*, 529 U.S. at 485. With respect to those claims the court addressed on the merits, the court finds that jurists of reason would not find the court's assessment of those claims to be debatable or wrong. *Id.* Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Petitioner has filed an Application to Proceed With an Appeal Without Prepayment of Fees and Costs. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court

determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, grants Petitioner's Application to Proceed With an Appeal Without Prepayment of Fees and Costs. Accordingly,

    IT IS ORDERED that a Certificate of Appealability is DENIED.

    IT IS FURTHER ORDERED that Petitioner's "Application to Proceed With an Appeal Without Prepayment of Fees and Costs" [Dkt. # 32] is GRANTED.


                                 S/Robert H. Cleland
                                 ROBERT H. CLELAND
                                 UNITED STATES DISTRICT JUDGE

Dated: April 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 6, 2007, by electronic and/or ordinary mail.

                                 S/Lisa Wagner
                                 Case Manager and Deputy Clerk
                                 (313) 234-5522